# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DARDEN RESTAURANTS, INC. and RARE HOSPITALITY MANAGEMENT, INC.,

    Plaintiffs,

v.

MS. MICHELLE WILSON-HALL, MR. ANTHONY HALL, and LONGHORNS WINGS LLC,

    Defendants.

:   CIVIL ACTION NO.
:   1:11-CV-03497-RWS

## **ORDER**

This case comes before the Court on Plaintiffs' Motion for Default Judgment [8] against Defendant Longhorns Wings LLC; Plaintiffs' Motion for Judgment on the Pleadings and Motion to Strike [9]; and Plaintiffs' Motion for Default Judgment [10] against Defendant Michelle Wilson-Hall. After reviewing the record, the Court enters the following Order.

## **Background**

This is a case involving trademark infringement and related claims arising out Defendants' operation of a restaurant named "Longhorns Wings."

(See generally Compl., Dkt. [1].) Plaintiffs filed their Complaint on October 13, 2011. (Dkt. [1].) A return of service filed in this Court shows that the summons and complaint were served on Defendant Michelle Wilson-Hall on January 24, 2012. (Dkt. [7].) No return of service has been filed as to Defendant Anthony Hall or Defendant Longhorns Wings LLC ("Longhorns"). Plaintiffs state, however, that "[o]n October 31, 2011, Longhorns was properly served at its principal place of business via owner, Co-defendant Anthony Hall." (Br. in Supp. Pls.' Mot. for Default J. ("Pls.' Br."), Dkt. [8] at 2.) Defendant Anthony Hall filed an Answer to the Complaint on November 18, 2011. (Dkt. [4].) Defendants Michelle Wilson-Hall and Longhorns have not answered the Complaint or otherwise defended against the suit.

The facts alleged in the Complaint are as follows. Plaintiff Darden Restaurants, Inc. ("Darden") is the world's largest full-service restaurant company. (Compl., Dkt. [1] ¶ 12.) Plaintiff Rare Hospitality Management, Inc. ("Rare") is a wholly owned-subsidiary of Darden. (Id. ¶ 4.) Darden acquired LongHorn Steakhouse restaurant and now owns more than 350 LongHorn Steakhouse restaurants in thirty-three (33) states. (Id. ¶ 15.) Together Plaintiffs own six federal service mark registrations issued by the United States Patent

and Trademark Office for the LONGHORN trademarks for use in connection with restaurant services (collectively the "LONGHORN Marks"). (Id. ¶¶ 16-18.) Since at least 1970, Plaintiffs and their predecessors "have prominently used and promoted their LONGHORN marks through extensive advertising, marketing, sale of goods, and provision of services." (Id. ¶ 19.) They have expended considerable time and resources promoting their marks and developing goodwill therein, and in registering their marks to ensure their proper use and enjoin unlicensed and inappropriate uses. (Id. ¶¶ 20-21.)

Defendants are not authorized to use the LONGHORN marks. (Id. ¶ 26.) Nonetheless, Defendants adopted and began using the name "LONGHORN WINGS" for restaurant services with at least constructive notice of Plaintiffs' trademark rights. (Id. ¶ 27.) Plaintiffs contend that Defendants are acting wilfully and deliberately and with the "intent to misappropriate Plaintiffs' goodwill in their trademarks and deceive consumers into believing that their restaurant is legitimately connected with Plaintiffs." (Id. ¶ 28.)

Plaintiffs sent Defendants cease and desist letters and other correspondence on four occasions between August of 2010 and May of 2011. (Id. ¶ 29.) In February of 2011, Defendants agreed to cease using the restaurant

name "Longhorns Wings LLC" and advised that by March 31, 2011, they would:

> (a) remove and replace any existing signage, menu boards, and all other material that includes the Longhorns Wings restaurant name or any other name that includes the word "longhorn" or "longhorns";
>
> (b) formally request, in writing, the change of any directory listings in Google, Google Maps, Bing, Yellow Pages, and any other business directories in which the restaurant is listed; and
>
> (c) recall all advertising that promotes their restaurant using the word "longhorn" or "longhorns."

(Id. ¶ 30.) As of October 6, 2011, "Defendants [were] still operating their restaurant as 'Longhorns Wings,' and all signage, menu boards, and menus still reflect the 'Longhorn Wings' restaurant name, and all Internet searches for this restaurant still reflect the 'Longhorns Wings' restaurant name." (Id. ¶ 31.)

Plaintiffs allege that "the phrase 'Longhorns Wings' so embodies the distinctive sound, appearance, meaning, and the overall impression of Plaintiffs' LONGHORN marks as to cause a likelihood of confusion as to the source of Defendants' restaurant services." (Id. ¶ 32.) Plaintiffs further allege that Defendants "have acted in willful disregard of Plaintiffs' trademark rights

4

and have willfully confused and deceived the consuming public and the public at large." (Id. ¶ 33.) Finally, Plaintiffs allege that Defendants' activities have caused and will continue to cause irreparable damage to Plaintiffs' business and goodwill. (Id. ¶ 34.)

Based on the foregoing facts, Plaintiffs filed a Complaint, raising federal law claims for trademark infringement (Count I), trademark dilution (Count II), false designation of origin (Count III), and unfair competition (Count IV) and claims under state law for trademark dilution (Count V), unfair and deceptive trade practices and unfair competition (Count VI), and fraudulent encroachment (Count V). (See generally Compl., Dkt. [1].) As stated above, Defendant Anthony Hall filed an Answer to the Complaint, but the other two Defendants have failed to answer or otherwise defend. On March 5, 2012, Plaintiffs filed their motions for judgment on the pleadings as to Defendant Anthony Hall and for a default judgment against Defendants Longhorns and Michelle Wilson-Hall. The Court considers each motion, in turn.

## Discussion

**I.    Motion for Default Judgment [8] against Defendant Longhorns Wings LLC**

5

Plaintiffs filed their Complaint against Defendant Longhorns on October 13, 2011. Plaintiffs contend that on October 31, 2011, "Longhorns was properly served at its principal place of business via owner, Co-defendant Anthony Hall." (Pls.' Br., Dkt. [8-1] at 2.) Longhorns failed to file an answer or otherwise defend against the suit,[1] wherefor Plaintiff now moves for a default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 55(b).

"The entry of a default judgment is committed to the discretion of the district court[.]" Hamm v. Dekalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985). At the same time, however, "[a] default judgment is a drastic remedy which should be used only in extreme situations," in accordance with the Eleventh Circuit's (and this Court's) preference "that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

---

[1] Defendant Anthony Hall, an owner of Longhorns, acting pro se, filed an Answer to the Complaint. This Answer is not sufficient as to Longhorns, however, as organizations such as corporations or limited liability companies ("LLCs") may not appear pro se but must be represented by counsel. See LR 83.1(E)(2)(B)(1), NDGa ("[A] corporation may only be represented by an attorney."); Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir. 1985) ("[A] corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel."); Energy Lighting Mgmt., LLC v. Kinder, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005) ("[L]imited liability companies, like corporations, may appear and be heard only through counsel." (internal quotations and citations omitted)).

AO 72A
(Rev.8/82)

In this case, Defendant Longhorns has failed to answer or otherwise defendant against Plaintiffs' Complaint, which ordinarily could warrant entry of a default judgment. It is unclear from the record, however, whether Defendant Longhorns properly was served with a summons and the Complaint. A return of service was filed in this Court evidencing service of process upon Defendant Michelle Wilson-Hall, but none was filed as to Defendant Longhorns. And while Plaintiffs state in their brief that Longhorns "was properly served at its principal place of business via owner, Co-defendant Anthony Hall[,]" there is no evidence in the record supporting this assertion.

Given the lack of evidence demonstrating service of process upon Defendant Longhorns, and the policy considerations stated above, the Court finds that entry of a default judgment is not proper at this time. See, e.g., Muhammed v. Bethel, 430 F. App'x 750, 752 (11th Cir. 2011) ("The district court was correct to deny such a 'drastic remedy' where [the plaintiff] offered no proof that [the defendant] [had been served and therefore] was obligated to respond to his complaint."); Maurer Rides USA, Inc. v. Beijing Shibaolia Amusement Equip. Co., No. 6:10-cv-1718-Orl-37KRS, 2012 WL 2469981, at *1 (M.D. Fla. May 30, 2012) ("A default judgment cannot be issued against a

7

defendant based on a pleading that was not properly served on the defendant." (citing Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365 (11th Cir. 1982))). Plaintiffs' Motion for Default Judgment [8] against Defendant Longhorns Wings LLC accordingly is **DENIED**. This ruling is without prejudice to Plaintiffs' right to renew their Motion for Default Judgment against Defendant Longhorns Wings LLC upon showing proof of service upon that Defendant.

## II.  Motion for Judgment on the Pleadings and Motion to Strike [9]

Plaintiffs move for judgment on the pleadings as to Defendant Anthony Hall on grounds that his Answer "failed to state sufficient facts to constitute a defense to the Complaint, or to any of the causes of action therein." (Br. in Supp. Pls.' Mot. for J. on the Pleadings and to Strike ("Pls.' Br."), Dkt. [9-1] at 1.) Plaintiffs further argue that Defendant Hall, in his Answer, "failed to admit or deny the factual assertions in Plaintiffs' well-pleaded Complaint and failed to plead affirmative defenses, as required by [Federal Rule of Civil Procedure ("Rule")] 8," which failure warrants judgment on the pleadings in favor of Plaintiffs. (Id. at 2.) In the alternative, Plaintiff moves the Court to strike the

8

Answer on grounds that it was not signed by Defendant, as required by Rule 11(a). (Id. at 2.)

Under Rule 12(c), "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc., 404 F.3d 1297, 1303 (11th Cir. 2005).

In this case, Plaintiffs seek judgment on the pleadings solely on grounds of the alleged insufficiency of Defendant Hall's Answer. To this end, Plaintiffs contend that the Answer fails to allege facts that could serve as a defense to the Complaint and fails to comply with the requirements of Rule 8(b); e.g., that a defendant admit or deny the factual allegations against him. (Pls.' Br., Dkt. [9-1] at 2.) Plaintiffs contend that because Defendant Hall failed to comply with the pleading requirements of Rule 8(b), he has admitted the allegations of the Complaint, thus warranting judgment on the pleadings in Plaintiffs' favor. (Id. at 2-3.)

9

Rule 8(b) provides, "In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). The Rule further states that "denials" must "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Despite Plaintiffs' argument to the contrary, the Court finds that Defendant Hall's Answer satisfies this standard and creates factual disputes, which preclude judgment on the pleadings in favor of Plaintiffs. The Court reaches this conclusion in light of Defendant Hall's allegation that the use of the name "Longhorns Wings" is not likely to confuse or deceive the public. Defendant Hall alleges:

> We are a small take-out restaurant affiliated with Kell Longhorns High School. We don't offer any of the same products . . . . We are a chicken wing snack bar and [Plaintiffs] specialize in steaks. Our logos are very different and we cater to our high school customer base.

(Answer, Dkt. [4] at 1-2 of 3.)

Through the foregoing allegations, Defendant Hall essentially has denied Plaintiffs' allegation that Defendants' operation of "Longhorns Wings" has confused or is likely to confuse the public. (Compl., Dkt. [1] ¶¶ 32-33, 36, 50, 63.) Defendant Hall thus has denied an essential element of Plaintiffs' federal

10

and state law trademark infringement and unfair competition claims and state law claims for deceptive trade practices and fraudulent encroachment. See Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1300-01 (11th Cir. 2001) (likelihood of confusion essential element of federal trademark infringement claims); Original Appalachian Artworks, Inc. v. Topps Chewing Gum, Inc., 642 F. Supp. 1031, 1036-37 (N.D. Ga. 1986) (likelihood of confusion essential element of federal unfair competition claim); Breland v. McDonald's Corp., No. 1:09-cv-0523-RWS, 2010 WL 4683925, at *6 (N.D. Ga. Nov. 10, 2010) (noting that standards governing Georgia law claims for trademark infringement and unfair competition same as federal law standards) (collecting cases); Microsoft Corp. v. Silver Star Micro, Inc., No. 1:06-cv-1350-WSD, 2008 WL 115006, at *8 (N.D. Ga. Jan. 9, 2008) (elements of causes of action for deceptive trade practices and fraudulent trademarks under Georgia law same as elements of federal law claims for trademark infringement).

Similarly, based on the allegations repeated above, the Court finds that Defendant Hallسufficiently has denied Plaintiffs' allegations that the operation of "Longhorns Wings LLC" is likely to "impair" or "dilute" the "distinctive quality of [Plaintiffs'] LONGHORNS Marks . . . ." (Compl., Dkt. [1] ¶¶ 45,

11

57.) Defendant, in essence, alleges that "Longhorns Wings" cannot dilute or impair the distinctive nature of Plaintiffs' marks because it is so strikingly different from LongHorns Steakhouse: "Longhorns Wings" is a small, take-out restaurant that specializes in chicken wings, is affiliated with a local high school, and caters to a high school student customer base. (Answer, Dkt. [4] at 1-2 of 3.) Defendant Hall thus has denied an essential element of Plaintiffs' claims for trademark dilution under federal and state law. See Tommy Hilfiger Licensing, Inc. v. Goody's Family Clothing, Inc., No. 1:00-cv-1934-BBM, 2003 WL 22331254, at *42 (N.D. Ga. May 9, 2003) (noting essential element of federal law claim for trademark dilution is that use of mark "cause dilution of the distinctive quality of the senior mark" (citation omitted)); Original Appalachian Artworks, Inc, 642 F. Supp. at 1039 (noting that to prevail on claim for trademark dilution under Georgia law, plaintiff must prove that "contested use is likely to injure [plaintiff's] commercial reputation or dilute the distinctive quality of its marks").

In sum, the Court finds Defendant Hall's Answer sufficient to satisfy the requirements of Rule 8(b). The Court further finds, based on the allegations of the Answer, that Defendant Hall has created genuine issues of material fact with

12

respect to each of Plaintiffs' claims, thus precluding judgment on the pleadings in favor of Plaintiffs.[2] Plaintiff's Motion for Judgment on the Pleadings and Motion to Strike [9] accordingly is **DENIED**.

### III. Motion for Default Judgment [9] against Defendant Michelle Wilson-Hall

As stated above, Plaintiffs filed the Complaint in this case on October 13, 2011. A return of service filed in this Court shows that the summons and Complaint were served on Defendant Michelle Wilson-Hall on January 24, 2012. Despite having been served with process, Defendant Michelle Wilson-Hall failed to file an answer or otherwise respond to Complaint. (Dkt. [7].) Accordingly, Plaintiffs' Motion for Default Judgment [9] is **GRANTED**. The Court will reserve ruling on the issue of damages until Plaintiffs' claims against the remaining Defendants have been resolved.

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion for Default Judgment [8] as to Defendant Longhorn Wings LLC is **DENIED**. Plaintiffs' Motion for Judgment on the Pleadings and Motion to Strike [9] is **DENIED**.

---

[2] The Court declines to strike Defendant Hall's Answer based on the fact that it is not signed.

13

Plaintiffs' Motion for Default Judgment [10] as to Defendant Michelle Wilson-Hall is **GRANTED**.

**SO ORDERED**, this  22nd  day of October, 2012.

_____
**RICHARD W. STORY**
United States District Judge

14